**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| LUIS CARLOS MENDOZA SANTAMARIA | CIVIL ACTION NO. 26-1274 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| E. GARCIA, ET AL. | MAGISTRATE JUDGE HORNSBY |

# ORDER

Luis Carlos Mendoza Santamaria ("Petitioner") filed a petition for habeas corpus, Record Document 11, and a motion for temporary restraining order, Record Document 13. The habeas petition, Record Document 11, is **REFERRED** to the Magistrate Judge for Report and Recommendation. For the following reasons, the motion for temporary restraining order, Record Document 13, is **DENIED**.

Petitioner argues that he faces imminent removal to an unknown third country in Africa without notice or a credible fear interview. Record Document 13-1 at 4. As other judges in this district have explained, this argument makes the Petitioner "a member of the *D.V.D.* class because he is an individual subject to a final order of removal whom ICE plans to deport to a third country." *Ladoutoki v. Rice*, No. 26-2985, 2026 WL 2322479, at *1 (W.D. La. Aug. 11, 2026). That class "seeks the same remedy currently before this court: an injunction requiring respondents to provide meaningful notice and opportunity to present a fear-based claim before executing removal to a third country." *Id.*

The United States Supreme Court stayed the relief sought by the *D.V.D.* class, and district courts, including this one, have denied similar requests because "[i]n light of the Supreme Court's stay of preliminary injunctive relief as to petitioner and other members of the *D.V.D.* class, petitioner cannot 'unequivocally show' his right to the extraordinary remedy he seeks." *Id.* at *2. In this case, the undersigned also "declines to double-exercise its discretion and provide backdoor relief for Petitioner individually." *Id.*

Petitioner also asserted in his amended complaint, Record Document 11, that he has been detained for more than six months after issuance of a final order of removal. For now, Petitioner is not entitled to relief under *Zadvydas v. Davis*, 533 U.S. 678 (2001) because his removal is reasonably foreseeable, as Petitioner has argued in the pending motion for temporary restraining order. However, should that change, the courthouse doors remain open.

**DONE AND SIGNED** at Shreveport, Louisiana, this 27th day of August, 2026.

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE